Van Voorhis, J.
(dissenting and voting for affirmance). If it were an original question, I would be inclined to the view that obtaining a divorce decree in a court of another State having no jurisdiction may constitute an irreparable injury justifying an injunction in our courts at the instance of a resident of this State adversely affected, but Goldstein v. Goldstein (283 N. Y.. 146) holds otherwise. The statement therein (p. 148) that “ The plaintiff has nothing to fear from the action which her husband has sought to bring against her in Florida for on her statement a judgment entered therein would be a nullity ”, is equally applicable to the present suit notwithstanding that Haddock v. Haddock (201 U. S. 562) has been overruled by the first Williams case (Williams v. North Carolina, 317 U. S. 287). Plaintiff’s ground for an injunction here is that her husband’s domici] in Nevada is sham, and that, therefore, the Nevada court lacks jurisdiction of the divorce action which he has started against her and which she now seeks to restrain. If she be right in this contention, any divorce decree which the husband may obtain in Nevada will be void under the second Williams case (Williams v. North Carolina, 325 U. S. 226), and therefore cannot injure her under the Goldstein case. The Goldstein case requires a holding that if the court of the' sister State lacks jurisdiction, no injury is sustained.
Mabtih, P. J., C-lehhoh and Does, JJ., concur with Callahah, J.; Yah Yooehis, J., dissents in opinion.
Order reversed, with $20 costs and disbursements to the appellant and the motion granted. Settle order on notice providing for the issuance of an injunction pendente lite upon plaintiff’s furnishing an undertaking in the sum of $250.